```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ANTHONY PARKER, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil No. 10-2070 (JBS/KMW) |
| GATEWAY NU-WAY FOUNDATION, et al., | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE,** District Judge:

   This matter is before the Court upon Defendant Grace Cookewater's motion for summary judgment. [Docket Item 19.] Plaintiff Anthony Parker was served by regular and certified mail at the address provided to the Court.  This mail was returned to the Defendant and was unable to be delivered at the Plaintiff's designated address.  The Court finds as follows:

   1.   Under Local Civil Rule 10.1(a), an unrepresented party must advise the Court of any change in address within five days of the occurrence of such change by filing a notice of the change with the Clerk of the Court.  The Rule further provides, "Failure to file a notice of address change may result in the imposition of sanctions by the court."

   2.   The Plaintiff has not notified the Court of a change of address and has not responded to the instant motion.  Therefore, the Court will treat this motion for summary judgment as

unopposed.

    3.   The facts and procedural history underlying this action were set forth in the Court's previous opinion in this matter. [Docket Item 7.]  The Plaintiff brought the instant action pro se pursuant to 42 U.S.C. § 1983 and alleged violations of his constitutional rights.  After conducting a sua sponte screening of the Plaintiff's amended complaint, the Court dismissed with prejudice Defendants Gateway Nu-Way Foundation, State of New Jersey, Department of Corrections, South Woods State Prison, and Karen Balicki.  However, the Court allowed the Plaintiff's amended complaint to proceed against Grace Cookewater and John/Jane Does. [Docket Item 7.]  The Plaintiff claims Defendant Cookewater and other John/Jane Does[1] removed Plaintiff from the "Nu-Way" program[2] for filing of disciplinary grievances and initiating the instant matter in retaliation against the Plaintiff.

    4.   Defendant Cookewater now moves for summary judgment.

---

[1] The Court presumes these John/Jane Does to be correctional officers, who, upon Cookewater's alleged complaint to South Woods about Plaintiff's filing of grievances and this action, retaliated against Plaintiff by removing him from the Nu-Way program, though the complaint is ambiguous as to the claims against the John/Jane Does.

[2] A rehabilitation program administered by the Gateway Foundation to inmates confined at the South Woods State Prison which aims to rehabilitate the enrolled inmates and provide them with a certain certificate or status upon their completion of the program.

Defendant Cookewater denies removing the Plaintiff from the Nu-Way rehabilitation program.  Instead, Defendant Cookewater maintains that Plaintiff withdrew from the Nu-Way program voluntarily despite the staff's clinical recommendations that he remain in treatment. (Certification of Grace Cookewater "Cookewater Cert." ¶ 7).

    5.  In support of her motion for summary judgment, Defendant Cookewater attaches her own certification and several documents including the Therapeutic Discharge Summary, Narrative Progress Note and Weekly Summary Progress Notes.  All documents and Defendant Cookewater's certification state that the Plaintiff voluntarily withdrew from the Nu-Way program on April 8, 2010, against Defendant Cookewater's recommendation and the recommendation of the staff.  This withdrawal occurred before he filed his initial complaint in this lawsuit on April 19, 2010.

    6.  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).  Summary judgment will not be denied based on mere allegations or denials in the pleadings; instead, some evidence must be produced to support a material fact.  Fed. R. Civ. P. 56(c)(1)(A); <u>United

States v. Premises Known as 717 S. Woodward Street, Allentown, Pa., 2 F.3d 529, 533 (3d Cir. 1993).  Failure to oppose the motion means that the Court may consider facts asserted by the moving party "undisputed for the purposes of the motion."  Fed. R. Civ. P. 56(e)(2); see also Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990)("The court will accept as true all material facts set forth by the moving party with appropriate record support.").

7. Since the Plaintiff has not opposed this motion and Defendant Cookewater sets forth her factual allegations with record support, the Court will accept these facts as true for the purposes of this motion.  Anchorage Assocs., 922 F.2d at 175.

8. A plaintiff must show three elements to support a First Amendment retaliation claim: (a) constitutionally protected conduct, (b) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (c) a causal link between the constitutionally protected conduct and the retaliatory action.  See Thomas v. Independence Twp., 463 F.3d 285, 296 (3d Cir. 2006).

9. In this case, it is undisputed that the Plaintiff voluntarily withdrew from the Nu-Way Program.  This action was taken against the advice of Defendant Cookewater and staff who urged the Plaintiff to stay in the program.  Consequently, there is no evidence of retaliatory action taken by Defendant

Cookewater or Defendant John/Jane Does.  Therefore, summary judgment is appropriate.

     10.  The Court will grant Defendant Cookewater's motion for summary judgment and the Plaintiff's complaint is hereby dismissed with prejudice.  The accompanying Order will be entered.

**November 30, 2011**                            **s/ Jerome B. Simandle**
Date                                          JEROME B. SIMANDLE
                                                 United States District Judge